IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01384-MEH-KMT

JAMES E. BERWICK and
AFFILIATES IN ORAL AND MAXILLOFACIAL SURGERY, P.C.,

    Plaintiffs,

v.

THE HARTFORD FIRE INSURANCE COMPANY,

    Defendant.

_____

**PROTECTIVE ORDER**
_____

IT IS HEREBY ORDERED that the following terms and conditions shall govern the use and treatment of confidential information produced by the Parties in this litigation:

Certain documents, testimony, and other information to be disclosed or produced in this litigation may contain trade secrets or other confidential and proprietary commercial information; private and personal medical, financial, or other information; and other information protected from disclosure by applicable law.

To preserve the confidentiality of selected documents and information pursuant to Federal Rule of Civil Procedure 26(c), it is ordered as follows:

    1.    Any document, portions of a document, interrogatory answer, response to requests for admission, deposition testimony, affidavit, expert report, legal brief or memoranda, technical or commercial information, or any other information produced or disclosed during the course of pre-trial proceedings in this action, may be designated as "CONFIDENTIAL" for

protection under this Protective Order by any Party or third party witness if, in good faith, the designating person reasonably believes that such material is not generally known and/or is of a type that the designating person is required to, or would otherwise require third parties to, maintain in confidence, including private personal information —provided nothing herein shall constitute a waiver of the attorney-client privilege or work product protection.

2.     Any document, portions of a document, interrogatory answer, response to requests for admission, deposition testimony, affidavit, expert report, legal brief or memoranda, technical or commercial information, or any other information produced or disclosed during the course of pre-trial proceedings in this action, may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for protection under this Protective Order by any Party or third party witness if, in good faith, the designating person reasonably believes that such material constitutes or contains confidential information requiring special protection such as trade secrets or proprietary business information that a Party in good faith regards as competitive sensitive information—provided that nothing herein shall constitute a waiver of the attorney-client privilege or work product protection.

3.     Material designated for protection under this Protective Order ("Protected Material") shall be stamped and categorized into one of the following classifications:

(a)     "CONFIDENTIAL"; or

(b)     "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

The words above in quotation marks shall be placed clearly on each such page or each portion of the Protected Material. In lieu of marking the original of a document, if the original is not produced, the designating person or entity may mark the copies that are exchanged or

produced. To the extent possible, the designation should not be placed so as to obscure any substantive content of a document.

4. Protected Material produced or exchanged in the course of this litigation shall be used only for the purpose of the Parties' prosecution, defense, or settlement of this action, including appeals related to this action. Protected material shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, to anyone for any purpose whatsoever, other than as required by a Party for the preparation of this case. Access to Protected Material shall be limited to those persons designated as "qualified persons" in Paragraphs 5 and 6 below, and all such qualified persons given access to Protected Material shall keep all Protected Material and the material contained therein confidential from all other persons. If the Parties receive the identical document or information from another source, and it is not designated as "CONFIDENTIAL" by that source, the receiving Party need not treat the non-designated document or information as confidential, although the version received and marked as "CONFIDENTIAL" shall remain protected.

5. Protected Material designated "CONFIDENTIAL" under Paragraph 3(a) may be disclosed only to the following persons ("Qualified Persons"):

(a) The Parties, including present or former employees and officers of the Defendant who are assisting counsel in the defense of this case;

(b) Counsel for the Parties, including in-house counsel of Defendant, and regular employees of such counsel whose functions are necessary to the defense of this action;

(c) Physicians, consultants, or experts of or retained by the Parties, or the Parties' counsel, and the employees of such physicians, consultants, or, experts, only to the extent

reasonably necessary for the prosecution or defense of this action, provided that such physician, consultant, or expert has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto, and provided that no disclosure shall be made to any expert or consultant who is employed by, an independent contractor to, or a consultant to a direct competitor of the parties;

    (d)    Persons who are shown on the face of the document to have been an author, source, addressee, or recipient of the Protected Material;

    (e)    The Court and court personnel, court reporters, employees of outside copy services used to make copies of Protected Material, and mediators, arbitrators, or other personnel engaged as part of alternative dispute resolution, to the extent reasonably necessary for the conduct of this action; and

    (f)    Any other person as to whom the Parties agree in writing, provided that such person has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto.

Nothing in this Protective Order shall prohibit a disclosing Party from making available to whomever it chooses documents that it has designated "CONFIDENTIAL."  Any challenge to documents designated "CONFIDENTIAL" shall be made in accordance with Paragraph 18 of this Protective Order.

    6.    Protected Material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under Paragraph 3(b) may be disclosed only to the following Qualified Persons:

      (a)      Attorneys representing or advising a Party in connection with this action, and their paralegals or their other employees who require access to Protected Material for the purpose of litigation of this action, including in-house counsel of Defendant;

      (b)      The designating Party, including current and former employees and officers of the designating Party who are assisting counsel in the defense of the case;

      (c)      Outside experts and consultants retained by any Party in good faith for the preparation or trial of this action only to the extent reasonably necessary for the prosecution or defense of this action, provided that such physician, consultant, or expert has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto, and provided that no disclosure shall be made to any expert or consultant who is (i) employed by a direct competitor of Defendant or its subsidiaries or successors; (ii) affiliated with any such competitor(s); or (iii) currently providing services to any competitor of the parties;

      (d)      Persons who are shown on the face of the document to have been an author, source, addressee, or recipient of the protected material;

      (e)      The Court and court personnel, court reporters, employees of outside copy services used to make copies of Protected Material, and mediators, arbitrators, or other personnel engaged as a part of alternative dispute resolution, to the extent reasonably necessary for the conduct of this action and any other person as to whom the parties agree in writing; and

      (f)      Any other person as to whom the Parties agree in writing, including witnesses who testify at depositions, hearing, or at trial, provided that such person has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto.

Nothing in this Protective Order shall prohibit a disclosing Party from making available to whomever it chooses documents that it has designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES' ONLY." Any challenge to documents designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be made in accordance with Paragraph 18 of this Protective Order.

As used in this Paragraph (c) the term "competitor" means any seller of competing products or services of the producing Party, including all subsidiaries, parent companies, and affiliates.

7. All Qualified Persons to whom Protected Material is to be disclosed in accordance with the terms of this Protective Order, except counsel of record and those Qualified Persons enumerated in Paragraphs 5(e) and 6(e), shall be advised by counsel of the terms of this Protective Order, informed that they are subject to the terms and conditions of this Protective Order, and, where indicated in Paragraphs 5 and 6, execute the Agreement to Be Bound attached hereto prior to any disclosure. The provisions of this Protective Order and the obligations not to disclose or use Protected Material, except as may be specifically ordered by the Court, shall remain in full force and effect as to all such person(s), and as to all such material.

8. Except to the extent permitted by this Protective Order, every Qualified Person who is bound by this Protective Order and provided copies of or access to Protected Materials, shall keep all such materials, and any permitted copies, notes, abstracts, or summaries of such material, within their exclusive possession and control, shall take reasonable precautions to maintain the confidentiality of all such materials, and shall not disseminate such materials or their contents to anyone.

9. Any Qualified Person having access to Protected Materials shall, to the extent copies, duplicates, extracts, summaries, notes, or descriptions of the materials or any portion thereof are created, treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials or any portion thereof as confidential, and all provisions of this Protective Order shall apply equally to such materials so created, in the same manner and to the same extent as are materials designated as confidential. Motions and legal briefs filed with the court are excepted from this Paragraph 9, so long as they do not quote confidential information from the designated documents and do not contain summaries or descriptions that would allow others to recreate or otherwise determine the content of the confidential information.

10. Protected Material disclosed at any deposition (including testimony, information, or exhibits) occurring in this litigation shall be designated under Paragraph 3 by indicating on the record at the deposition that the testimony is Protected Material and noting the appropriate category of classification. Upon request by the designating Party, the court reporter shall designate those portions of the deposition transcripts that are considered to be Protected Material with the appropriate legend indicated under Paragraph 3. It is the responsibility of the party desiring the information to be, or remain, confidential to designate the deposition or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." All persons who are not Qualified Persons for purposes of the particular designation (see Paragraphs 5 and 6) under this Protective Order shall be excluded from depositions where documents and information designated pursuant to this Protective Order are the subject of examination. Any Party or third party witness may also designate testimony, information, or exhibits disclosed at such deposition as Protected Material by notifying the other Parties in

writing within thirty (30) days after receipt of a transcript of that deposition. During that 30-day period, the Parties shall treat the transcript as if it had been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" unless the Parties otherwise agree or the Court otherwise orders. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody, or control.

11. If, due to inadvertence or mistake, a designation of Protected Material under Paragraph 3 is not made at the time of disclosure, a Party or third party witness may designate documents or information under Paragraph 3 by serving notice of such designation upon the Parties in writing. Following such designation, the terms of this Protective Order shall apply and disclosure of the Protected Material following such designation shall be made only in accordance with this Protective Order. The disclosure of the Protected Material prior to such designation shall not be deemed a waiver of the designating Party's right to preserve the alleged proprietary, confidentiality, or trade secret status of the Protected Material. The disclosure of the Protected Material prior to such designation also shall not be considered a violation or breach of the Protective Order, but nothing herein shall immunize a disclosure otherwise prohibited by law. If the designated information becomes generally publicly available, as a result of inadvertent disclosure or any other means besides deliberate violation of this Protective Order, the information shall lose its protected status. However, the Parties shall continue to keep it confidential until the designating party agrees or the court confirms that the information has lost is protected status. Inadvertent disclosure of privileged materials shall be governed by Federal Rule of Evidence 502.

12. With respect to all motions and pretrial proceedings, any Party who intends to file Protected Material or portions thereof or information from the Protected Materials in support of or in connection with such motion or proceeding shall cause them to be filed or lodged with the Court under seal pursuant to the Court's specified procedures, and shall remain sealed while in the office of the Clerk so long as they retain their status as Protected Materials. Nothing in this Paragraph or Protective Order restricts the Parties or any other person from challenging the propriety of filing any document under seal and does not limit the authority of the court to unseal any document or order the document not to be filed under seal. If any Party believes another Party has incorrectly filed a document publicly, which should have been filed under seal, said Party shall notify the other Party immediately upon discovery, and request that the Court to place the document under seal pursuant to this Protective Order.

13. Each Party shall use reasonable efforts to maintain, to the extent possible, the confidentiality of Protected Material when such material is used at a hearing or other pretrial proceeding and shall cooperate both with the designating Party and the Court in preserving any confidentiality of the Protected Material. In the event that any Protected Material is used in any court proceeding and not disclosed to the public, it shall not lose any confidential status through such use. The use and treatment of confidential material at trial will be addressed with the Court at the pre-trial conference.

14. Nothing herein shall prejudice the Parties' right to object to the admission into evidence of any documents or things containing Protected Material.

15.     Except as otherwise stipulated by the Parties or ordered by the Court, nothing herein shall impose any restrictions on the use or disclosure by the Parties of their own Protected Material.

16.     A Party who receives a request or subpoena for the production or disclosure of materials marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or documents that would otherwise fall under this Protective Order shall, within 3 business days of receiving the request or subpoena, give counsel for the designating Party written notice of the request or subpoena. A copy of the request or subpoena shall also be forwarded to the counsel for the designating Party. No documents marked "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or documents that would otherwise fall under this Protective Order shall be produced until the designating Party has received a copy of the request or subpoena and has had a reasonable opportunity to seek the proper relief. If the designating Party makes a motion or other application for relief the Party to whom the subpoena is directed shall not produce or disclose the requested information without the consent of the producing Party or until ordered to do so by a court of appropriate jurisdiction.

17.     A party may object to the designation of particular CONFIDENTIAL information or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the Court determine

whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

18. Absent written agreement by the Parties, this Protective Order shall not be modified without a showing of good cause and the satisfaction of any other applicable burdens under the law.

19. After termination of this action, all documents and other tangible items containing Protected Material, including all copies, notes, electronic data, and other materials containing or referring to information derived therefrom, shall, within 60 days after termination, be delivered to the designating Party or destroyed at its expense at the option of the designating Party. To the extent documents are destroyed, an affidavit attesting to the destruction of such documents shall be delivered to the designating Party within the 60-day period, or as otherwise agreed in writing.

SO ENTERED this 4th day of May, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01384-MEH-KMT

JAMES E. BERWICK and
AFFILIATES IN ORAL AND MAXILLOFACIAL SURGERY, P.C.,

    Plaintiffs,

v.

THE HARTFORD FIRE INSURANCE COMPANY,

    Defendant.

_____

**AGREEMENT TO COMPLY WITH PROTECTIVE ORDER**
_____

    I, _____, declare and agree as follows:

    1.    I have received and read an entire copy of the Protective Order regarding the treatment of Confidential and Highly Confidential – Attorneys' Eyes Only information entered by the Court in the above-captioned matter.

    2.    I have had the opportunity to discuss with the undersigned counsel of record the nature and ramifications of the Protective Order and understand each of its terms.

    3.    I understand that, on behalf of Plaintiff or Defendant, I will be given access to review documents that contain trade secrets, or other confidential and proprietary commercial information; private and personal medical, financial or other information; and other information protected from disclosure by applicable law, all of which information would not otherwise be accessible to me but for my involvement in this litigation at the request of Plaintiff or Defendant in this action.

4. I agree unequivocally to be bound by the terms of the Protective Order and understand fully that my breach of it, or any of its terms, may result in sanctions by the Court, contempt proceedings, and other proceedings to enforce the terms of the Protective Order. I understand that the Protective Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt.

I declare under penalty of perjury that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.

Executed this \_\_\_\_ day of _____, 20\_\_, at _____.

Signed

_____

INSOFAR AS APPLICABLE:

_____
Counsel of Record