IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01384-MEH-KMT

JAMES E. BERWICK, and
AFFILIATES IN ORAL AND MAXILLOFACIAL SURGERY, P.C.,

Plaintiffs,

v.

HARTFORD FIRE INSURANCE COMPANY,

Defendant.

---

**ORDER ON MOTION TO STRIKE**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiffs' Motion to Strike Defendant's Supplemental Expert Report of Michael A. Zeeb [filed July 13, 2012; docket #101]. The motion is fully briefed, and further oral argument will not assist me in its adjudication. I **deny** Plaintiffs' motion as follows.

## I. BACKGROUND

Plaintiffs were insured under a policy issued by the Defendant, The Hartford Fire Insurance Company ("Hartford"), Policy No. 65 SBA PT3146 DX ("the "Policy"). On or about May 8, 2008, a fire occurred at the business premises occupied by Berwick and Affiliates located at 3100 North Academy Boulevard, Colorado Springs, Colorado 80917 (the "Premises"). As a result of the fire, the Premises was rendered uninhabitable; however, after clean up and repair, Berwick and Affiliates were able to reoccupy the Premises on or about January 23, 2009. The Policy, *inter alia,* includes coverage for loss of business income and extra expense. The limits of insurance for the business income and extra expense coverage is described as "12 months actual loss sustained." On June 30, 2010, Berwick and Affiliates filed a sworn proof of loss with the Defendant which included a loss

of income in the amount of $461,912.00; this proof of loss was based on an analysis performed by Certified Public Accountant Roberta Jackson.

Plaintiffs allege that Defendant The Hartford has failed to pay the Plaintiffs' claim for loss of business income and, in so doing, the Defendant has breached its insurance contract. Plaintiffs also allege Defendant violated the Unfair Claims Settlement Practices subdivision of the Unfair Methods of Competition and Unfair Deceptive Acts or Practices section of the Colorado Insurance Code, C.R.S. § 10-3-1104. Finally, Plaintiffs contend the Defendant acted unreasonably in failing to pay Plaintiffs' claim for loss of business income.

Defendant denies Plaintiffs' allegations and contends it has paid over $70,000.00 in business income benefits to Plaintiffs. Defendant disputes the accounting or other methodologies on which Plaintiffs claim to have relied in asserting a claim for over $400,000.00 in benefits allegedly traceable to the subject fire loss.

As part of the expert disclosures in this case, Defendant designated Michael Zeeb, CPA, as a rebuttal expert on or about March 16, 2012. On July 6, 2012, Defendant submitted a Supplemental Expert Report for Mr. Zeeb. The parties agree that this date is timely for an expert's supplemental report, pursuant to Fed. R. Civ. P. 26(e)(2), but disagree on whether Zeeb's supplement contains appropriate subject matter.

## II. ANALYSIS

Plaintiffs contend that Zeeb improperly restated his original opinions and/or relied on material that was available to him on or before the date of his initial report, which renders his report improper. Defendant contends that Zeeb relied on post-March 16, 2012 deposition testimony as well as discovery that I ordered Plaintiffs to produce after that date; therefore, the supplemental report relies on new material and should be permitted.

As with most discovery disputes, there is some truth to both positions. In their brief filed August 10, 2012, Plaintiffs demonstrate that at times, Zeeb, in his supplemental report, regurgitates opinions nearly identically worded to those in his original report. Much of the supplement can be characterized as Zeeb stating, in essence, "After looking at the [allegedly] new material, I'm still right in my conclusions, which are so and so." Many of Zeeb's supplemental statements may be read as "bolstering" and, thus, flirt with violating Rule 26(a). However, other parts of the supplement are proper, including Zeeb's analysis of the cyclical/seasonal nature of Plaintiffs' business as described in Dr. Berwick's May 25, 2012 deposition.

The problem this leaves is that I am confronted with combing through the 96-page supplemental report to determine and segregate the proper and potentially improper analyses. Not only does this strike me as an inefficient use of time (mainly because, as Plaintiffs note, the improper sections are mere repetition of the original report and, thus, in my opinion, harmless), but it supports the conclusion that "'Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless.' *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952-53 (10th Cir. 2002) (citing Fed. R. Civ. P. 37(c))."

Both parties address *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985 (10th Cir. 1999), which contains the factors I should consider in deciding whether to permit a potentially violative supplement to stand. Addressing those factors, I find (1) Plaintiffs have not suffered prejudice or surprise, given the allegedly duplicative nature of the supplement; (2) Plaintiffs can cure any prejudice by taking a supplemental deposition of Zeeb at Defendant's cost; (3) the supplement does not disrupt the trial in this case given the extension of the trial date to mid-2013; and (4) the record does not support any finding of bad faith or willfulness by the Defendant.

Therefore, I believe the supplement should not be stricken, but Plaintiffs may take a supplemental deposition of Zeeb, not to exceed three hours, addressing the supplemental report. Defendant shall pay for the actual costs of the deposition (court reporting fees and transcript) as a means of avoiding prejudice to the Plaintiff. In addition, Plaintiffs shall not be charged for Mr. Zeeb's time.

## III. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Strike Defendant's Supplemental Expert Report of Michael A. Zeeb [filed July 13, 2012; docket #101] is **denied**.

Dated at Denver, Colorado, this 22nd day of August, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge