IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01384-MEH-KMT

JAMES E. BERWICK,
AFFILIATES IN ORAL AND MAXILLOFACIAL SURGERY, P.C.,

      Plaintiffs,

v.

HARTFORD FIRE INSURANCE COMPANY, INC.,

      Defendant.

## ORDER ON AMENDED MOTION TO COMPEL
## PRODUCTION OF LARRY CHATTERLEY'S FILE

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Defendant's <u>Amended</u> Motion to Compel Production of Larry Chatterley's File [<u>filed August 28, 2012; docket #134</u>]. Plaintiffs have not responded within the time set by the rules. The Court **grants** Defendant's motion as follows.

      Plaintiffs had a commercial insurance policy with Defendant. Plaintiffs suffered a fire loss. The issue in this case is whether Defendant has, in good faith, paid for the losses associated with the fire in accordance with its insurance contract. Part of this analysis is the Plaintiffs' loss of income during the time that Plaintiffs' principal place of business was vacated due to repairs, and a period of alleged loss after the reopening of the premises. Defendant seeks documents from Larry Chatterley, who performed an appraisal of Plaintiffs' business (for reasons unrelated to the loss) prior to the fire. Defendant has established the relevance of Chatterley's file generated during the appraisal process, and such documents reasonably fall within Defendant's Request for Production No. 12. Chatterley was amenable to producing the file but, immediately prior to surrendering it,

stated that Plaintiffs' counsel told him that prior to producing the documents, a court order would be appropriate. Chatterley's exact words were: "Dr. Berwick [sic] attorney would prefer that I have a court order before I release the file." Thereafter, Chatterley stopped communicating with Defendant's counsel, and Plaintiffs' counsel has not responded to several inquiries by Defendant's counsel concerning the documents.

Because Plaintiffs have not responded to the present motion, I do not have an explanation of what Chatterley meant in his somewhat cryptic message. The plain language of the communication does not establish that Plaintiffs' counsel instructed Chatterley not to produce the file. Moreover, whatever advice or suggestion Plaintiffs' counsel did make to Chatterley may have had to do with sensitive business information that Plaintiffs wanted to keep confidential pursuant to the Protective Order in this case.

What I can and do determine is that Defendant is entitled to the documents. Therefore, if Plaintiffs possess or control any such documents (any or all of Chatterley's file or any other documents associated with the pre-fire appraisal process) that have not yet been produced to Defendant, they shall produce such documents to Defendant on or before October 1, 2012. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Defendant shall have its reasonable fees for the filing of this motion. In the alternative, if Plaintiffs have no such documents, they are to inform Defendant and the Court by means of a letter so stating, on or before October 1, 2012, in which case Defendant is given leave to subpoena the documents from Chatterley and, although no fees shall be awarded if this is the case, Plaintiffs are admonished to respond to communications from defense counsel in a reasonable time period (2-3 business days absent extraordinary circumstances) and to refrain from requesting any nonparty to minimize or avoid cooperation with defense counsel. Any violation of this admonishment may result in sanctions.

WHEREFORE, the Court **grants** Defendant's Amended Motion to Compel Production of Larry Chatterley's File [filed August 28, 2012; docket #134] as set forth herein.  To the extent that Plaintiffs produce the appraisal documents in accordance with this order, Defendant may file an affidavit reflecting its attorney's fees for the filing of this motion, and the Plaintiffs may challenge the reasonableness of the affidavit within five business days of its service.

Dated at Denver, Colorado, this 25th day of September, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge